| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **MEMO ENDORSED** |
| MELODY BUSINESS FINANCE, LLC,<br><br>    *Plaintiff,*<br><br>    -against-<br><br>LISA M. FALCONE, et al.,<br><br>    *Defendants*. | No. 22 Civ. 1698<br><br>Hon. Katherine P. Failla |

## PROTECTIVE ORDER

Subject to approval of the Court, Plaintiff Melody Business Finance, LLC, and Defendants Lisa M. Falcone, Philip Falcone, Three-Hundredth Street LLC, and the United States of America (collectively, the "Parties") hereby stipulate and agree as follows:

**1.    DEFINITIONS**

1.1    "Party":  Any party to this action, including successors in interest, officers, directors, and employees.

1.2    "Discovery Material":  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery, in deposition testimony and transcripts, through deposition exhibits, or other requests for documentation in the above-captioned case.

1.3    "Confidential Information":  All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information that implicates the above-referenced concerns, including a Party's customers, joint venture partners, affiliates, or

other parties to whom a Party may, in good faith, owe a duty of confidentiality.  Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

      1.4    "Receiving Party":  A Party that received Discovery Material from a Producing Party.

      1.5    "Producing Party":  A Party that produces Discovery Material in the above-captioned case.

      1.6    "Designating Party":  A Party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information.

      1.7    "Outside Counsel":  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation, including attorneys at the Internal Revenue Service.

      1.8    "In-House Counsel":  Attorneys who are employees of a Party or its affiliates, including attorneys at United States Department of Justice.

      1.9    "Expert":  A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Litigation.

      1.10    "Professional Vendors":  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

      1.11    "Litigation":  Refers to the above-captioned case.

**2.**    **SCOPE**

2.1     All Discovery Material produced or adduced in the above-captioned case shall be subject to this Order.  Except as otherwise provided herein, all Confidential Information shall be used solely for the purpose of prosecuting or defending the Litigation, including discovery, mediation, trial preparation, trial, and appeal.  The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof.

2.2     Nothing in this Order prevents the United States from sharing Discovery Material with foreign governments, foreign courts, and/or foreign taxing authorities with respect to (1) requests under tax treaties between the United States and foreign nations; (2) letters of request issued pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters; and/or (3) traditional letters rogatory.  In the event that the United States determines that Confidential Information is to be shared pursuant to a letter of request issued pursuant to the Hague Convention and/or traditional letters rogatory, the United States shall provide the Designating Party with written notification at least ten (10) days prior to the production of such Confidential Information.

2.3     Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, or any law enforcement authority of a state, local, or tribal government, Confidential Information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Confidential Information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

2.4     Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide Confidential Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Information has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party of the Congressional entity's request and the United States' response thereto.

2.5     Nothing contained in this Order shall prevent the United States from producing Confidential Information to the extent required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  In the event that the United States determines that Confidential Information is required to be produced under FOIA, the United States shall provide the Designating Party with written notification at least ten (10) days prior to the production of such Confidential Information.

**3.     DESIGNATING CONFIDENTIAL INFORMATION**

3.1     <u>Manner and Timing of Designation</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3.2     <u>Designation of Confidential Information</u>.  Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Litigation and designated as Confidential Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Order.

(A)     *Documents*.  Documents containing Confidential Information, and any copies thereof, shall be designated as such by including a legend of "SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains such information, and for multi-page documents,

on the first page of such documents. Said legend shall be made so as not to obscure any of the Confidential Information's content.

(B) *ESI*. With respect to any Confidential Information that is produced as electronically stored information ("ESI") and is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "SUBJECT TO PROTECTIVE ORDER" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information is produced. Otherwise, the ESI shall be marked with the legend as provided in Section 3.2(A) of this Order.

(C) *Tangible Objects*. Tangible objects may be designated as "SUBJECT TO PROTECTIVE ORDER" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D) *Depositions*. Portions of a deposition may be designated as "SUBJECT TO PROTECTIVE ORDER" by counsel at the conclusion of the deposition or by denominating by page and line those portions of the deposition which are to be considered Confidential Information within thirty (30) days of receiving the final transcript and exhibits and informing all Parties of the portions of the final transcript and exhibits that contain or reveal Confidential Information. Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Sections 3.2(E) and 5.2 of this Order.

(E) *Documents Generated During Suit*. All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote Confidential Information, if filed with the Court, shall be redacted from the Court filing (either by redacting the relevant text of the submission or redacting the entirety of any

exhibit that has been designated as containing Confidential Information) or filed under seal pursuant to the Court's rules governing sealed documents pending completion of the procedure provided in Section 5.2 of this Order.

      3.3      <u>Restrictions on Use of Confidential Information</u>.  Except as agreed to in writing by the Designating Party or its counsel or as otherwise provided herein, Confidential Information:

      (A)      shall be maintained in confidence;

      (B)      may be disclosed only to persons entitled to access thereto under the terms of this Order; and

      (C)      shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending the Litigation, including appeals, and for no other purpose except as otherwise provided herein.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure of its designated material.

      3.4      <u>Inadvertent Failure to Designate</u>.  If material is produced in the above-captioned case without a "SUBJECT TO PROTECTIVE ORDER" designation, it does not, standing alone, waive, in whole or in part, the Designating Party's right to secure protection under this Order for such material.  Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents. The inadvertent failure of a Party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials.  Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.  Should the Parties disagree as to the

appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation. Each Party that designates material for protection under this Order agrees to act in good faith in applying the standards set forth herein.

3.5     Exercise of Restraint and Care in Designating Material for Protection. Any Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party shall designate the least amount of material required to protect Confidential Information. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.     **AUTHORIZED USERS OF CONFIDENTIAL INFORMATION**

4.1     Basic Principles. A Receiving Party may use Confidential Information that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this Litigation, except as otherwise provided herein. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 6.

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2 <u>Disclosure of Confidential Information</u>. No person subject to this Order other than the Designating Party shall disclose any material designated as "SUBJECT TO PROTECTIVE ORDER" to any other person, except to:

(A) In-House Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation, including counsel, employees and personnel of the Internal Revenue Service, and the Office of Chief Counsel, IRS.

(B) Outside Counsel for any party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation, including counsel, employees and personnel of the United States Department of Justice.

(C) The directors, officers, or employees of the Receiving Party or the Receiving Party's subsidiaries or affiliates engaged in assisting the Receiving Party's counsel during the Litigation after such director, officer, or employee has signed a statement in the form annexed hereto as Exhibit A.

(D) Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(E) A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such

persons have signed a statement in the form annexed hereto as Exhibit A. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

       (F)     An author, signatory, or prior recipient of the document or the original source of the information.

       (G)     Deponents and fact witnesses, after such deponent or witness has signed a statement in the form annexed hereto as Exhibit A.

       (H)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

       (I)     Court reporters, court reporter company employees, and videographers who participate in taking depositions, preparing transcripts of the depositions, including exhibits used in them, and related billing and administrative tasks.

       (J)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

**5.**     **CHALLENGING DESIGNATIONS**

     5.1     Dispute Resolution.  If any Party reasonably and in good faith believes that any material designated "SUBJECT TO PROTECTIVE ORDER" should not be considered Confidential Information or has otherwise been misclassified under this Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Order, that Party must notify the Designating Party in writing and provide a description of the Confidential

Information and a concise statement of the basis for the challenge as to each individual document or other item so-identified, which the challenging Party believes should be released from some or all of the constraints of this Order, and serve copies of such notice to all other Parties. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within three (3) business days from the date of service of the written objection, any Party may move the Court for a determination as to whether the designation is appropriate. The burden of establishing confidentiality shall be on the Designating Party, and the standard imposed by applicable law is not altered or diminished in any way by this Order. The protection of the Confidential Information afforded by the Order shall continue as originally designated unless and until the Court issues an order on the motion.

    5.2  <u>Use of Confidential Information in Court Filings</u>. If any Party seeks to file with the Court any pleadings, motions, or other papers disclosing information designated as Confidential Information by a Designating Party, such filing party shall—contemporaneously with the filing of such pleadings, motions, or other papers—make an application to the Court requesting that the papers disclosing information designated Confidential remain filed with redactions and/or under seal for a period of fourteen (14) days during which time the Designating Party may file a motion to seal such information. Counsel for the Designating Party shall confer with the Parties within three (3) days and make a good faith effort to narrow the number and scope of any documents that would remain redacted or filed under seal. If the Designating Party continues to assert that a filing should be under seal, the Designating Party must file a motion requesting relief from the Court before the expiration of the fourteen (14) day period referenced above. If the Designating Party does not file a motion within this time period, the documents may be filed publicly and without redactions. If the Designating Party files a motion to file under seal the Confidential Information,

then Parties may not file the Confidential Information publicly subject to further order of the Court. The burden to establish that filing under seal is appropriate remains with the Designating Party, and the standard imposed by applicable law is not altered or diminished in any way by this Order.

    5.3    <u>No Waiver</u>.  Nothing in this Order shall be deemed a waiver of:

    (A)    any Party's right to object to any discovery requests on any ground or obligation to respond to them;

    (B)    any Party's right to seek an order compelling discovery with respect to any discovery request;

    (C)    any Party's right to object to the admission of any evidence at any stage in the above-captioned case; or

    (D)    any Party's right to use and review its own documents and its own Confidential Information.

## 6.    <u>DURATION</u>

    6.1    Any Confidential Information, or any document quoting, incorporating or stating any Confidential Information shall be subject to the provisions of this Order until the Parties agree otherwise or upon order of this Court.

    6.2    This Order shall continue in effect with respect to any Confidential Information until expressly released by the Designating Party and, if applicable, such effectiveness shall survive the final determination of the Litigation.  Within sixty (60) days of the final determination of the Litigation, including any appeals, all Confidential Information produced by another Party shall, upon written request by the Producing Party, be either (a) returned to the Disclosing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Disclosing Party, or (c) preserved to the extent required by federal record retention policies.

For purposes of this Order, the final determination of the Litigation shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of the Litigation; or (iii) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

6.3     This Section shall not apply to documents that were not produced by a Party but were created in the course of the Litigation and contain excerpts or references to Confidential Information, including legal briefs, letters, deposition transcripts, or pleadings prepared by counsel or Expert reports (*i.e.*, attorney files).  Counsel for the Parties may keep copies of all such files, so long as these materials are kept confidential.

6.4     Nothing in this Order, however, shall prohibit the United States from retaining any material designated as Confidential as necessary for any ongoing investigation or proceeding or as otherwise permitted under federal law, regulation or record retention policy.  Further, nothing in this Order requires the return or destruction of attorney work-product or attorney-client communications of any Party that is maintained and stored by counsel in the regular course of business.  Furthermore, nothing in this Confidentiality Order requires the return of Confidential Information filed with the Court, including *in camera* or under seal.

7.      **CONFIDENTIAL INFORMATION IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in the above-captioned case as Confidential Information, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) business days after receiving the subpoena or order.

Such notification must include a copy of the subpoena or court order. The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in the above-captioned case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expense of seeking protection in that court of its Confidential Information—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Litigation to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED OR PRIVILEGED MATERIAL**

If a Receiving Party learns that it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, by inadvertence or otherwise, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure. Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its best efforts to retrieve all copies of the Confidential Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons execute the form annexed hereto as Exhibit A.

If a Producing Party believes that any Discovery Material subject to any privilege, protection, statutory prohibition or other immunity ("Privileged Material") has been inadvertently produced, the Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production. After

13

receiving notice of the inadvertent production, a party must promptly return or destroy the inadvertently produced Privileged Material and any copies it has (provided, however, that if the Receiving Party intends to raise the privilege issue with the court, it may retain and use one sequestered copy of the information solely for this purpose, which must be returned or destroyed in the event the Court upholds the claim of privilege). The Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity, but may not assert as a ground for such motion the fact or circumstances of the inadvertent disclosure.  If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed.

The provisions of this Section apply to all information or materials produced in the above-captioned case, whether designated Confidential Information, or not.  Further, pursuant to Rule 502(d) of the Federal Rules of Evidence or other applicable statute or regulation, it is hereby ordered that the inadvertent disclosure of privileged or protected information in connection with the above-captioned case shall not constitute a waiver in this or any other federal or state proceeding if the producing party timely invokes the clawback procedures set forth in this Section.

9. **USE OF CONFIDENTIAL INFORMATION AT TRIAL**

Nothing in this Order shall preclude a Party from offering any material designated Confidential into evidence at the trial of this action or shall prejudice any Party's right to use Confidential Information in open court.  The Parties reserve the right to seek a pretrial ruling from the Court regarding the treatment of specific Confidential Information at trial, and further reserve the right to oppose any such application. The burden of seeking to prevent the public from seeing Confidential Information during trial shall remain on the Designating Party, and the standard

imposed by applicable law is not altered or diminished in any way by this Order.

**10.    MISCELLANEOUS**

10.1    Right of Further Relief.  Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge a Party's designation of Confidential Information under this Order.

10.2    Right to Seek Modification.  Nothing in this Order abridges the right of any person to seek its modification by the Court.

10.3    Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use as evidence of any of the material covered by this Order.

10.4    No Probative Value.  This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information.  The fact that information is marked with a "SUBJECT TO PROTECTIVE ORDER" designation under the Order shall not be deemed to be determinative, or given any weight by, the Court in determining whether it is properly designated or needs to be protected as Confidential Information.

10.5    Use of Party's Own Materials.  Nothing in this Order shall restrict a Party's ability to use and disclose its own designated material as it chooses.  Any such materials publicly disclosed by the Designating Party shall no longer be deemed Confidential Information.

10.6    Prior Orders.  This Order shall not affect any prior order of the Court.

10.7    Public Documents.  None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by

means not in violation of the provisions of this Order. A Receiving Party is not required to treat as Confidential Information any information that it possessed prior to the entry of this Order, or items from the Designating Party that are or were discovered independently by the Receiving Party. The terms for the treatment of Confidential Information pursuant to the Order shall be effective only upon the entry of this Order.

Dated: August 8, 2022  
      New York, New York

Respectfully submitted,

HOLWELL SHUSTER & GOLDBERG LLP

DAMIEN WILLIAMS,  
UNITED STATES ATTORNEY

*/s/ Priyanka Timblo (agreed by email)*  
Scott M. Danner  
Priyanka Timblo  
Karen Sebaski  
Timothy W. Grinsell  
425 Lexington Ave.  
New York, NY 10017  
Telephone: 646.837.5151  
sdanner@hsgllp.com  
ptimblo@hsgllp.com  
ksebaski@hsgllp.com  
tgrinsell@hsgllp.com

*Counsel for Plaintiff*

 */s/ Melissa A. Childs*  
Melissa A. Childs  
Jennifer Jude  
Assistant United States Attorneys  
86 Chambers Street, Third Floor  
New York, NY 10007  
Telephone: 212.637.2711/2663  
melissa.childs@usdoj.gov  
jennifer.jude@usdoj.gov

*Counsel for Defendant*  
*United States of America*

LAZARUS & LAZARUS, P.C.

*/s/ Harlan M. Lazarus (agreed by email)*  
Harlan M. Lazarus  
240 Madison Avenue  
New York, NY 10016  
Telephone: 212.889.7400  
harlan.lazarus@gmail.com

*Counsel for Defendants Lisa M. Falcone,*  
*Philip Falcone, and Three-Hundredth Street,*  
*LLC*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELODY BUSINESS FINANCE, LLC, | |
| *Plaintiff,* | |
| -against- | No. 22 Civ. 1698 |
| LISA M. FALCONE, et. al. | Hon. Katherine P. Failla |
| *Defendant*. | |

**ACKNOWLEDGMENT**

I hereby acknowledge that I have read the Protective Order dated _____ in the above-captioned action and that I understand the terms thereof.  I agree to be bound by the Order and understand that execution of this Acknowledgement is a prerequisite to my review of any Confidential Information to which I am not otherwise authorized to review under the terms of the Order.  I agree to submit to the jurisdiction of the Court solely for purposes of enforcing this Order and affirm that, in the event I fail to abide by the terms of this Order, I may be subject to sanctions imposed by the Court.

Dated: _____   Name: _____

Signature: _____

This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.

It is so **ORDERED**.

Dated: August  9 , 2022
New York, New York

The Honorable Katherine Polk Failla
United States District Judge